[928 NYS2d 504]

In the Matter of MAURICIO A. MALAGON (Admitted as MAURICIO ALEHANDRO MALAGON), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 11, 2011

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Vitaly Lipkansky* of counsel), for petitioner.

*Sarah Diane McShea*, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Mauricio A. Malagon was admitted to the practice of law in the State of New York by the Second Judicial Department on November 29, 1995, under the name Mauricio Alehandro Malagon. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee moves, pursuant to 22 NYCRR 603.11, for an order accepting respondent Mauricio A. Malagon's resignation from the practice of law and striking his name from the roll of attorneys. Respondent's affidavit of resignation, sworn to on January 6, 2011, complies with section 603.11 in that he states that (1) his resignation is submitted freely, voluntarily and without coercion or duress, and that he is fully aware of the implications of submitting his resignation, (2) he is aware that he is the subject of an investigation by the Committee regarding a complaint filed against him by a former client alleging professional misconduct, and (3) that he would be unable to successfully defend himself on the merits if disciplinary charges were brought against him predicated on the conduct alleged (*see* 22 NYCRR 603.11 [a] [1]-[3]).

Specifically, he acknowledges that he falsely advised a former client that a $1.25 million medical malpractice judgment had been entered in her favor and gave her an IOLA check in the amount of $858,390, which allegedly represented her share of the award and which was returned for insufficient funds when, in fact, the action had been stayed nearly four years earlier after the defendant hospital filed for bankruptcy protection and no award or funds were ever paid to respondent in relation to the action. Respondent expresses his regret and apologizes for his conduct.

Accordingly, the Committee's motion should be granted, respondent's resignation from the practice of law accepted, and his name stricken from the roll of attorneys, effective nunc pro tunc to January 6, 2011.

TOM, J.P., ANDRIAS, SWEENY, MOSKOWITZ and RENWICK, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to January 6, 2011.